ORIGINAL

FILED
AUG 12 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**DEUTSCHE BANK AG,**

**Plaintiff,**

**v.**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

No. 08-569 T

**COMPLAINT**

1. Plaintiff Deutsche Bank AG is a foreign corporation with an office located at 60 Wall Street, New York, New York.
2. Plaintiff's FEIN is 13-2944988.
3. Defendant is the United States of America ("United States").
4. This is an action for recovery of federal income tax founded upon the Internal Revenue Code of 1986, and this Court has jurisdiction by reason of 28 U.S.C. §1491(a)(1).
5. Specifically, recovery is sought of additional interest on overpayments of federal income tax refunded in connection with Plaintiff's 1999 Form 1120F corporate tax return (hereinafter "Form 1120F").
6. On or about February 22, 2000, Plaintiff filed a Form 7004, Application for Automatic Extension of Time to File Corporation Income Tax Return with the Internal Revenue Service Center in Philadelphia, PA 19255.

7. On or before September 15, 2000, Plaintiff timely filed a 1999 Form 1120F corporate tax return with the Internal Revenue Service Center, Philadelphia, PA 19255.

8. Plaintiff timely paid corporate income tax in the amount of $188,256,721 (one hundred eighty-eight million two hundred fifty-six thousand seven hundred twenty-one dollars).

9. The correct 1999 tax liability was $105,725,463 (one hundred five million seven hundred twenty-five thousand four hundred sixty-three dollars).

10. Plaintiff's Form 1120F claimed an overpayment of taxes in the amount of $82,531,258 (eighty-two million five hundred thirty-one thousand two hundred fifty-eight dollars).

11. During the taxable year 1999, Plaintiff was a foreign corporation with a New York office located at 130 Liberty Street, New York, New York 10019.

12. Upon information or belief, on or about September or October of 2000, the IRS returned the Form 1120F to the Plaintiff with a Form 6800, Request for Additional Information.

13. The additional information requested was the following: (1) Form 1042-S, Foreign Persons United States Source Income Subject to Withholding ("Form 1042-S"); and (2) Form 8805, Foreign Partners Information Statement of Section 1446 Withholding Tax ("Form 8805").

14. On November 8, 2000, Plaintiff resubmitted the Form 1120F with the requested Forms 1042-S and Form 8805.

15. According to IRS Account Transcripts for 1999 Form 1120, on January 1, 2001, the IRS received the Form 1120F with the Form 1042-S and Form 8805.

16. On March 1, 2002, Plaintiff timely filed Form 1120X, an amended corporate tax return ("Form 1120X"), with the Internal Revenue Service, showing an additional overpayment for 1999 in the amount of $59,407,822.00, (fifty nine million four hundred seven eight hundred twenty-two dollars).

17. The basis of Plaintiff's refund claim on March 1, 2002, was a valuation correction for 1999.

18. The Form 1120X was audited by the IRS and the refund was approved by the IRS and the Joint Committee on Taxation.

19. On November 14, 2002, the IRS issued Plaintiff a refund by wiring the following amounts to Plaintiff's bank account:(a) $59,407,822.00, (fifty nine million four hundred thousand eight hundred twenty-two dollars) in tax; and (b) $5,110,541.00 (five million one hundred ten thousand five hundred forty-one dollars) in interest.

20. Interest was only allowed for the period 1/1/2001 through 11/14/2002.

21. The correct total interest due to Plaintiff was $8,529,388, (eight million five hundred twenty-nine thousand three hundred eight-eight dollars) based the interest accrual start date of March 15, 2000, the date when Plaintiff paid all the taxes in full.

22. The IRS underpaid interest to Plaintiff in the amount of $3,418,847 (three million four hundred eighteen eight hundred forty-seven dollars).

23. On October 28, 2005, Plaintiff made a request for additional interest on overpayments refunded to Plaintiff in the amount of $3,500,000 (three million five hundred thousand dollars) for the period 3/15/2000 through 12/31/2000. A copy of the request for additional interest is attached as Exhibit A.

24. On October 19, 2006, the IRS disallowed the request for additional interest on the grounds that no credit interest from March 15, 2000, was allowed because the Form 1120F that was filed on September 15, 2000, was not in processible form. A copy of the IRS disallowance letter is attached as Exhibit B.

25. On November 14, 2006, Plaintiff filed a Form 843 Claim for Refund and Request for Abatement for the overpayment interest in the amount of $3,500,000 (three million five hundred thousand dollars). A copy of Form 843 is attached as Exhibit C.

26. The IRS erred in determining that the Plaintiff's Form 1120F which was timely filed on September 15, 2000, was not processible.

27. The Form 1120F filed on September 15, 2000, was processible because it provided the IRS with the required information to permit the IRS to mathematically verify the tax liability shown on the return.

28. In addition, the Form 1120F complied with the instructions on the Form 1120F.

29. Form 1042-S was not required to be attached to Form 1120F under the 1999 Form 1120F instructions for foreign corporations engaged in business in the United States.

30. Form 8805 was not required to be attached to Form 1120F under the 1999 Form 1120F instructions for foreign corporations engaged in business in the United States.

31. The aforementioned forms were only required to be attached to the Form 1120F for foreign corporations that satisfy both of the following factors: (1) the corporation's Form 1120F claims a refund; and (2)the corporation is <u>not</u> engaged in business in the United States.

32. At all relevant times, Plaintiff was a foreign corporation that was engaged in business in the United States.

33. This action is brought within the six-year time period provided in 28 U.S.C. §2501.

34. No action on the claims for refund attached as Exhibits A and C has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

35. Plaintiff is the sole owner of the claim included in Exhibits A and C and asserted herein, and has made no assignment thereof.

WHEREFORE, Plaintiff demands that this Court grant Plaintiff the following:

a. Judgment against the United States in the amount of $3,418,847.00 (three million four hundred eighteen thousand eight hundred forty-seven) plus interest and costs allowed by law for the 1999 tax year;

b. That the United States allow the amount of $3,418,847.00 (three million four hundred eighteen thousand eight hundred forty-seven) plus interest and costs allowed by law to be refunded to Plaintiff for the 1999 tax year;

c. Such other and further relief as the Court deems just.

Date: August 11, 2008

By: ______________________

Frank Agostino, Esq.

Calo Agostino, A Professional Corp.
14 Washington Place
Hackensack, NJ 07601
Telephone: (201) 488-5400
Fax: (201) 488-5855
e-mail: fagostino@caloagostino.com

# EXHIBIT A

Deutsche Bank

**Frank A. Racaniello**
Director, Tax Counsel

Deutsche Bank AG New York
Corporate Tax of the Americas
60 Wall Street, MS NYC60-3109
New York City, NY 10005-2858

Tel 212-250-1739
Fax 212-797-0325

frank.racaniello@db.com

October 28, 2005

Annette Hutchinson
Internal Revenue Service
P.O. Box 9941; Mail Stop 6732
Technical Support - Large Corporate
Ogden, Utah 84409

RE: Deutsche Bank AG
Additional Interest Due on 1999 Refund

Dear Ms. Hutchinson,

As per our conversation, I am submitting this formal claim for additional interest on behalf of Deutsche Bank AG. ("DB"). The interest relates to a 1999 amended tax return (Form 1120F).

## A. Background

On March 1, 2002, DB filed an amended 1999 Form 1120F (the "1999 return") with the Internal Revenue Service (the "Service") claiming a refund of tax in the amount of $59M. The basis of the claim was 1999 valuation correction – not a credit or loss carryback. The claim was approved in full by the local IRS audit group and forwarded to Joint Committee on Taxation in Washington, DC with the recommendation that the refund be paid. No objection was made by the Joint Committee and on November 14, 2002, the Service issued the refund by wiring the amounts to a DB account. The amount of the refund totaled which consisted of the full $59,250,394 in tax and $5,110,541 in interest. The IDRS transcript shows that interest on the overpayment accrued paid from January 1, 2001 through November 14, 2002, the date of payment.

DB requested additional interest be paid on the refund. All tax reported on the 1999 return was fully paid to the Service by March 15, 2000. As such, DB contended that overpayment interest should have started to accrue on March 15, 2000. Both the IRS Group Manager and IRS Service Center in Holsville indicated that, according to IDRS records, the original return was not timely filed by September 15, 2000 (the properly extended due date). Because the return was not timely filed, interest would only start to accrue from the date the return was received. According to IDRS transcripts, the Service received the 1999 return on January 1, 2001.

Initially, we could not understand why the IDRS system would show the tax return being received months after the filing date. Mr. Thomas Haborak, the DB tax compliance manager, was absolutely certain the 1999 tax return was timely filed by certified mail. Because our proof of filing, including the certified mail numbers and receipts were lost on September 11, 2001, we requested the Service retrieve the original 1999 return and administrative file hoping the envelope and mailing information would be attached. This request was made to both the Group Manager of the IRS Audit Team and the IRS Service Centers in Holtsville, New York and Ogden, Utah. After many months of searching (and multiple attempts), the Service was unable to locate DB's original 1999 tax return.

We continued to search for proof of filing. During a search of electronically archived Word Documents, Mr. Haborak found a letter he sent to the Philadelphia Service Center relating to the 1999 tax return. This letter provides some insight into why the IDRS system recorded the return being filed late.

As per Mr. Haborak's affidavit, the 1999 tax return was timely filed by certified mail, return receipt requested with the Philadelphia Service Center on or before September 15, 2000. The return was filed using the same filing procedures Mr. Haborak has used since coming to Deutsche Bank in 1994. In late September or October of 2000, the Philadelphia Service Center sent the 1999 return back to Mr. Haborak requesting additional support for the withholding tax credits claimed on the return. On November 8, 2000, Mr. Haborak sent the 1999 return back to the Service Center for the second time, along with copies of Forms 1042S and 8805s that supported the credits claimed on the return.

**B. Taxpayers' Position**

Based on the above facts, DB maintains that the 1999 tax return was timely filed and interest should have started accruing on March 15, 2000, not January 1, 2001. It appears the IDRS system does not reflect the original timely filing of the 1999 return. Instead, the Service treated Mr. Haborak's second mailing of the 1999 return on November 8, 2000 as the original filing date. This is incorrect. As originally filed, the 1999 return was complete and processable. While the Service Center was certainly free

to request additional documentation regarding any item reported on the 1999 return, there was no legal basis for the Service Center to treat the 1999 return as unfiled and send it back to Deutsche Bank along with a request for support for the withholding tax credits. The Service should have processed the return as "filed" and separately sent a follow up information request to Deutsche Bank.

Due to the loss of records on September 11, 2001, we do not have the certified mail receipts demonstrating the original filing date of the return. Further complicating our loss of records, the Service has also been unable to produce the original 1999 return and administrative file. As a result, we cannot ascertain whether proof of the original filing may have been noted on the original return. Nevertheless, we believe the attached affidavit of Thomas Haborak and the attached letter to the Philadelphia Service Center sufficiently establish the events that occurred surrounding the filing of the 1999 return – specifically, that the 1999 return was timely filed, improperly returned, and re-filed with the Philadelphia Service Center. Given the circumstances, we believe this is sufficient to support our claim that interest on the refund started to accrue on March 15, 2000.

The following documents are attached in support of this claim:

| | |
|---|---|
| Exhibit A | Deutsche Bank 1999 Form 1120F |
| Exhibit B | Deutsche Bank 1999 Form 1120X |
| Exhibit C | Affidavit of Thomas Haborak |
| Exhibit D | Letter from Thomas Haborak to IRS Service Center dated November 8, 2000. |

Please call me after you have had an opportunity to review this claim and these exhibits so we can discuss how to proceed.

Thanks Annette.

Best Regards,

[signature]

Frank A. Racaniello

Deutsche Bank

## Affidavit

1. My name is Thomas Haborak. I am a Director in the Tax Department at Deutsche Bank. I have been employed in the Corporate Tax Department at Deutsche Bank since September 19, 1994. For that entire time, I have been responsible for federal income tax compliance of the New York Branch of Deutsche Bank AG. Part of this responsibility included the preparation and filing of the Deutsche Bank U.S. Form 1120F.

2. Since joining the Tax Department in 1994, our regular practice for filing the U.S. Form 1120F has been to mail it Certified Mail/Return Receipt Requested. I am personally aware that DB's Forms 1120F for the years 1993 through 2003 were all timely mailed by Certified Mail, Return Receipt Requested.

3. The due date for the 1999 Form 1120F was September 15, 2000. In accordance with our regular practice, the 1999 Form 1120F was mailed to the IRS Service Center in Philadelphia on or before September 15, 2000 by Certified Mail/Return Receipt.

4. A few weeks after mailing the 1999 Form 1120F, it was returned to me by the IRS Service Center. Along with the return, the IRS included a request for additional documentation supporting the withholding tax credits claimed on the return.

5. On or about November, 8, 2000, I mailed the 1999 Form 1120F back to the Philadelphia Service Center for a second time. As requested, I included Forms 1042S, Form 8805 with the return as support for the withholding tax credits claimed on the return.

6. Attached is an unsigned copy of the transmittal letter I used to send the Form 1120F back to the IRS Service Center. My copy of the signed letter was destroyed on September 11, 2001.

Under penalties of perjury, the above statements are true and correct to the best of my knowledge.

Thomas Haborak
Director
October 26, 2005

November 8, 2000

Internal Revenue Service
Philadelphia, PA 19255

**RE: Deutsche Bank AG**
**FEIN: 13-2944988**

Dear Sir or Madam,

We have received from you Form 6800 (see attached) requesting further documentation to support the $13,256,721 of withholding tax claimed on line 6h of the 1999 1120F for Deutsche Bank AG. Upon review of our documentation we discovered that we claimed $11,240 more than we should have on the return. We have summarized below and attached copies of the 1042-S and 8805 to support the remaining balance of $13,245,481.

| Form Type | Withholding Agent | Amount Withheld | |
|---|---|---|---|
| 1042-S | The Bank of New York | 389,648 | ***Attachment A*** |
| 1042-S | Deutsche Bank Financial Inc. | 375,445 | ***Attachment B*** |
| 1042-S | Deutsche Bank AG Frankfurt | 12,028,290 | ***Attachment C*** |
| 1042-S | Deutsche Bank AG London | 58,018 | ***Attachment D*** |
| 1042-S | Morgan Grenfell & Co Ltd. | 61,464 | ***Attachment E*** |
| 8805 | 40 West 53rd Associates L.P. | 332,616 | ***Attachment F*** |
| | **Total Tax Withheld** | $13,245,481 | |

The refund as shown on the return of $82,531,258 will be reduced by the $11,240 error to $82,520,018. We are also returning the 1999 tax return that you sent back to us with your request.

We apologize for the error and any inconvenience this may have caused. Please call the right-handed undersigned at 212-250-2802 if you need any additional information.

Sincerely,

Deutsche Bank AG
New York Branch

Joseph Cassidy
Managing Director

Thomas Haborak
Vice President

# EXHIBIT

# B

IRS Department of the Treasury
Internal Revenue Service

OGDEN UT 84201-0038

In reply refer to: 0435628633
Oct. 19, 2006 LTR 9608LO 1
13-2944988 199912 02 000 1
21414
BODC: LM

DEUTSCHE BANK AKTIENGESELLSCHAFT
% JOHN C BAITY
MILBANK TWEED HADLEY ETAL
1 CHASE MANHATTAN PLZ
NEW YORK NY 10005-1401

Taxpayer Identification Number: 13-2944988
Tax Period(s): Dec. 31, 1999

Form: 1120

Dear Taxpayer:

Thank you for your inquiry dated Nov. 02, 2005.

We're sorry but we can't consider your request for addtional credit interest for the tax period shown above. Internal Revenue Code 6611(g)(ii) states no credit interest until return is in processible form; sufficient required information (whether on the return or on required attachments) to permit the mathematical verification of tax liability shown on the return.

The attached Internal Revenue Service Memorandum details the issue, facts and findings. Please review and if questions call the phone number shown below.

We apologize for our delay in responding, it was due to additional time needed to research your account.

If you have any questions, please call Annette Hutchinson at 801-620-4761 between the hours of 7:30 AM and 4:00 PM MDT. If the number is outside your local calling area, there will be a long-distance charge to you.

If you prefer, you may write to us at the address shown at the top of the first page of this letter.

0435628633
Oct. 19, 2006 LTR 9608LO 1
13-2944988 199912 02 000 1
21415

DEUTSCHE BANK AKTIENGESELLSCHAFT
% JOHN C BAITY
MILBANK TWEED HADLEY ETAL
1 CHASE MANHATTAN PLZ
NEW YORK NY 10005-1401

Whenever you write, please include this letter and, in the spaces below, give us your telephone number with the hours we can reach you. Keep a copy of this letter for your records.

Telephone Number ( )____________________ Hours________________

Sincerely yours,

Diane Elm

Diane Elm
Accounts Management I

Enclosure(s):
I.R.S. Memorandum

Internal Revenue Service

**M E M O R A N D U M**

**DATE:** September 30th, 2006

**TO:** Connie Wilson, Large Case Technical, Manager

**FROM:** Gene Bybee, Internal Revenue Agent, PSP

---

Subject: **Deutsche Bank AG - 13-2944988**

***ISSUE:***

Whether Deutsche Bank AG timely filed it's U.S. Income Tax Return of a Foreign Corporation (Form 1120-F) for the taxable year ending December 31, 1999, with regard to accrued overpayment interest associated with a claim for refund dated March 1st, 2002.

***FACTS:***

On March 1st, 2002, Deutsche Bank AG filed an amended 1999 Form 1120F (the "1999 return") with the Internal Revenue Service (the "Service") claiming a refund of tax in the amount of $598 million. The basis of the claim was 1999 valuation correction versus a credit or loss carryback. The claim was approved in full by the local IRS audit group and forwarded to the Joint Committee of Taxation in Washington with the recommendation that the refund be paid. No objection was made by the Joint Committee and on November 14, 2002, the Service issued the refund by wiring the amounts to a Deutsche Bank account. The amount of the refund totaled $64,360,935.00 which consisted of $59,250,394.00 in tax and $5,110,541.00 in interest. The IDRS transcript shows that interest on the overpayment accrued paid from January 1,2001 through November 14, 2002, the date of payment.

Deutsche Bank requested additional interest be paid on the refund. All tax reported on the 1999 return was fully paid to the Service by March 15th, 2000. As such, Deutsche Bank contended that the overpayment interest should have started to accrue on March 15, 2000. Both the Internal Revenue Service Group Manager and it's Service Center in Holtsville indicated that according to IDRS records, the original return was **not** timely filed by September 15, 2000 (the properly extended due date). Because the return was not timely filed, interest would only start to accrue from the date the return was received. Accordingly the IDRS transcripts, the Service received the 1999 return on January 1st, 2001.

Deutsche Bank does not understand why the IDRS system would show the tax return being received months after the filing date. Mr. Thomas Hoborak, the Deutsche Bank tax compliance manager, was absolutely certain the 1999 tax return was timely filed by certified mail. Because our **proof of filing**, including the certified mail numbers and receipts were **lost on September 11th, 2001,** we requested the Service retrieve the original 1999 return and administrative file hoping the envelope and mailing information would be attached.

Deutsche Bank continues to search for proof of filing. During a search of electronically archived Word Documents, Mr. Haborak found a letter he sent to the Philadelphia Service Center relating to the 1999 tax return. This letter provides some insight into why the IDRS system recorded the return as being late filed.

As per Mr. Haborak's affidavit, the 1999 tax return was timely filed by certified mail, return receipt requested with the Philadelphia Service Center on or before September 15th, 2000. The return was filed using the same filing procedures Mr. Haborak has used since coming to Deutsche Bank in 1994. In late September or October 2000, the Philadelphia Service Center sent the 1999 return back to Mr. Haborak requesting additional support for the withholding tax credits claimed on the return. On November 8th, 2000, Mr. Haborak sent the 1999 return back to the Service Center for the second time, along with copies of Forms 1042S and 8805s that supported the credits claimed on the return.

***LAW AND ARGUMENT:***

Internal Revenue Regulations Section 1.6072-2 provides that the income tax return required under section 6012 of a domestic corporation or of a foreign corporation having an office or place of business in the United States shall be filed on or before the fifteen day of the third month following the close of the taxable year.

Internal Revenue Regulations Section 1.6081-1 provides in general that the Commissioner is authorized to grant a reasonable extension of time for filing any return, declaration, statement, or other document which related to any tax imposed by subtitle A of the Code. However, other than in the case of taxpayers who are abroad, such extensions of time shall not be granted for more than six months.

If a taxpayer fails to file within the time prescribed above, Internal Revenue Code Section 6611 (b)(3) provides that in the case of a return of tax which is filed after the last date prescribed for filing such return (determined with regard to extensions), no interest shall be allowed or paid for any day before the date on which the return is filed.

So is a income tax return that is mailed to the Internal Revenue Service on or before the last date prescribed for filing always considered "filed" by the Service? Not if the return is unprocessible.

According to Internal Revenue Code Section 6611(g)(1) for purposes of subsections (b)(3) and (e), a return shall not be treated as filed until it is filed in processible form. Internal Revenue Code Section 6611(g)(2) goes on to provide that for purposes of paragraph (1), a return is in a processible form if (A) such return is filed on a permitted form, and (B) such return contains (i) the taxpayer's name, address, and identifying number and the required signature, and (ii) sufficient required information (whether on the return or on required attachments) to permit the mathematical verification of tax liability shown on the return.

Taxpayer points to correspondence in regard to Form 6800 in November of 2000 as proof of timely filing with the government. On the contrary, the issuance of the Form 6800 provides convincing evidence that the tax return, although timely received by the Service, was not considered timely filed because it was not considered processible.

Internal Revenue Manual 3.11.16.2 provides for procedures to be used when a income tax return received by the Service is determined to be unprocessible and provides for the use of Form 6800 when correspondence with the taxpayer requires a response.

Based on the facts and circumstances then, it appears that U.S. Income Tax Return of a Foreign Corporation (Form 1120F) for Deutsche Bank AG for it's taxable year ending December 31, 1999 was apparently received by the Internal Revenue Service on or before expiration of it's extended due date, or September 15th, 2000. But since the return was determined unprocessible, the original return was returned to taxpayer with Form 6800.

Taxpayer has provided some evidence that that they properly responded to the Form 6800 "Request for Missing Information or Papers to Complete Your Tax Return" on or about November 8th, 2002. Documentation for original filing, or subsequent response to the Form 6800 by the taxpayer has been determined unavailable based on the terrorist attacks of September 11th, 2001 on taxpayer's place of business (World Trade Center).

***TAXPAYER'S POSITION:***

Based on the above facts, Deutsche Bank maintains that the 1999 tax return was timely filed and interest should have started accruing on March 15, 2000, not January 1, 2001. It appears the IDRS system does not reflect the original timely filing of the 1999 return. Instead, the Service treated Mr. Haborak's second mailing of the 1999 return on November 8, 2000 as the original filing date. This is incorrect. As originally filed, the 1999 return was complete and processible. While the Service Center was certainly free to request additional documentation regarding any item reported on the 1999 return, there was no legal basis for the Service Center to treat the 1999 return as unfiled and send it back to Deutsche Bank along with a request for support for the withholding tax credits. The Service should have processed the return as "filed" and separately sent a follow up information request to Deutsche Bank.

Due to the loss of records on September 11, 2001, we do not have the certified mail receipts demonstrating the original filing date of the return. Further complicating our loss of records, the Service has also been unable to produce the original 1999 return and administrative file. As a result, we cannot ascertain whether proof of the original filing may have been noted on the original return. Nevertheless, we believe the affidavit of Thomas Haborak and the letter to Philadelphia Service Center sufficiently establish the events that occurred surrounding the filing of the 1999 return – specifically that the 1999 return was timely filed, improperly returned, and re-filed with the Philadelphia Service Center.

***CONCLUSION:***

Determined that initial receipt of U.S. Income Tax Return of a Foreign Corporation (Form 1120-F) by Deutsche Bank AG, for it's taxable year ending December 31, 1999 was rejected by the Internal Revenue Service as a "Unprocessible" document as provided by Internal Revenue Code Section 6611 (g)(2)(B)(ii) and IRM 3.11.16.2.

As such the income tax return was not consider timely filed for interest calculation purposes.

Evidence to support subsequent filing date of November 8th, 2000 is also unsubstantiated.

# EXHIBIT C

Form **843** (Rev. November 2005) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for—*
- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

| | |
|---|---|
| Name of claimant<br>Deutsche Bank AG (New York Branch) | Your SSN or ITIN<br>13-2944988 |
| Address (number, street, and room or suite no.)<br>60 Wall Street - 31st Floor Tax Department (MS-NYC60-3109) | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>New York, NY 10005-2858 | Employer identification number (EIN) |
| Name and address shown on return if different from above | Daytime telephone number<br>212-250-1739 |

**1 Period.** Prepare a separate Form 843 for each tax period
From January 1, 1999 to December 31, 1999

**2** Amount to be refunded or abated $ $3,500,000

**3a** Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☐ Penalty—IRC section ▶

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶

**5 Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

This is a claim for additional interest on a 1999 overpayment. Please see attached.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

[signature], MANAGING DIRECTOR & TAX COUNSEL    11/14/2006
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)    Date

Signature    Date

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**
ISA
STF FED1524F

Attachment To Form 843
Deutsche Bank AG
EIN:13-2944988
Page 1 of 2

**A. Background**

On March 1, 2002, DB filed an amended 1999 Form 1120F (the "1999 return") with the Internal Revenue Service (the "Service") claiming a refund of tax in the amount of $59M. The basis of the claim was 1999 valuation correction – not a credit or loss carryback. The claim was approved in full by the local IRS audit group and forwarded to Joint Committee on Taxation in Washington, DC with the recommendation that the refund be paid. No objection was made by the Joint Committee and on November 14, 2002, the Service issued the refund by wiring the amounts to a DB account. The amount of the refund totaled which consisted of the full $59,250,394 in tax and $5,110,541 in interest. The IDRS transcript shows that interest on the overpayment accrued paid from January 1, 2001 through November 14, 2002, the date of payment.

DB requested additional interest be paid on the refund. All tax reported on the 1999 return was fully paid to the Service by March 15, 2000. As such, DB contended that overpayment interest should have started to accrue on March 15, 2000. Both the IRS Group Manager and IRS Service Center in Holsville indicated that, according to IDRS records, the original return was not timely filed by September 15, 2000 (the properly extended due date). Because the return was not timely filed, interest would only start to accrue from the date the return was received. According to IDRS transcripts, the Service received the 1999 return on January 1, 2001.

Initially, we could not understand why the IDRS system would show the tax return being received months after the filing date. Mr. Thomas Haborak, the DB tax compliance manager, was absolutely certain the 1999 tax return was timely filed by certified mail. Because our proof of filing, including the certified mail numbers and receipts were lost on September 11, 2001, we requested the Service retrieve the original 1999 return and administrative file hoping the envelope and mailing information would be attached. This request was made to both the Group Manager of the IRS Audit Team and the IRS Service Centers in Holtsville, New York and Ogden, Utah. After many months of searching (and multiple attempts), the Service was unable to locate DB's original 1999 tax return.

We continued to search for proof of filing. During a search of electronically archived Word Documents, Mr. Haborak found a letter he sent to the Philadelphia Service Center relating to the 1999 tax return. This letter provides some insight into why the IDRS system recorded the return being filed late.

Mr. Haborak is certain that the 1999 tax return was timely filed by certified mail, return receipt requested with the Philadelphia Service Center on or before September 15, 2000. The return was filed using the same filing procedures Mr. Haborak has used since coming to Deutsche Bank in 1994. In late September or October of 2000, the Philadelphia Service Center sent the 1999 return back to Mr. Haborak requesting additional support for the withholding tax credits claimed on the return. On November 8, 2000, Mr. Haborak sent the 1999 return back to the Service Center for the second time, along with copies of Forms 1042S and 8805s that supported the credits claimed on the return.

**B. Taxpayers' Position**

Based on the above facts, DB maintains that the 1999 tax return was timely filed and interest should have started accruing on March 15, 2000, not January 1, 2001. It appears the IDRS system does not reflect the original timely filing of the 1999 return. Instead, the Service treated Mr. Haborak's second mailing of the 1999 return on November 8, 2000 as the original filing date. This is incorrect. As originally filed, the 1999 return was complete and processable. While the Service Center was certainly free to request additional documentation regarding any item reported on the 1999 return, there was no legal basis for the Service Center to treat the 1999 return as unfiled and send it back to Deutsche Bank along with a request for support for the withholding tax credits. The Service should have processed the return as "filed" and separately sent a follow up information request to Deutsche Bank.

Due to the loss of records on September 11, 2001, we do not have the certified mail receipts demonstrating the original filing date of the return. Further complicating our loss of records, the Service has also been unable to produce the original 1999 return and administrative file. As a result, we cannot ascertain whether proof of the original filing may have been noted on the original return. Nevertheless, we believe the documents previously provided to the Ogden Service Center (the affidavit of Thomas Haborak and the letter to the Philadelphia Service Center) sufficiently establish the events that occurred surrounding the filing of the 1999 return – specifically, that the 1999 return was timely filed, improperly returned, and re-filed with the Philadelphia Service Center. Given the circumstances, we believe this is sufficient to support our claim that interest on the refund started to accrue on March 15, 2000.